United States District Court
Southern District of Texas
ENTERED
October 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARYURY YULEXY CESPEDES ACEVEDO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-7026 |
| | § | |
| WARDEN, HOUSTON CONTRACT DETENTION FACILITY, *et al.* | § | |
| | § | |
| Respondents. | § | |

## ORDER FOR EXPEDITED ANSWER

Petitioner Maryury Yulexy Cespedes Acevedo is detained in the custody of officials with Immigration and Customs Enforcement (ICE). Proceeding *pro se*, the petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[1] requires the Court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, and pursuant to 28 U.S.C. § 2241 *et seq*., the Court **ORDERS** as follows:

---

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

1. To provide notice of this action to the respondents, the Clerk will deliver copies of the petition (Dkt. 1) and this order to the United States Attorney for the Southern District of Texas by electronic mail to USATXS.CivilNotice@usdoj.gov.

2. The warden or the proper respondent must file an answer or other appropriate responsive pleading within **ten days** after the date of service and must forward a copy to the petitioner. **This pleading must specifically address whether this Court has jurisdiction to entertain this petition.** The respondent is advised that under Federal Rule of Civil Procedure 12(d), if matters outside the pleadings are relied upon, the motion will be treated as a motion for summary judgment and should be entitled as such.

3. In addition to any defense, in law or fact, to a claim for relief by the petitioner, the respondent's answer must contain: (a) a statement of the authority by which the petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a statement as to whether the petitioner has exhausted all available administrative remedies.

4. Whether the respondent elects to submit an answer or a dispositive motion, the petitioner must file any response **within ten days** of the date reflected on the certificate of service. Under the Court's local rules, the petitioner's failure to respond will be considered a representation that the petitioner does not oppose the motion. *See* S.D. TEX. L.R. 7.4. If the petitioner fails to comply on time, the Court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

5. The Court does not order a response from the respondents other than the warden at this time. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) ("there is generally only one proper respondent to a given prisoner's habeas petition" and "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official"); *see also* 28 U.S.C. § 2242 (a federal habeas petition shall be directed to "the person who has custody over [the petitioner]"); 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained.").

6. The petitioner, who proceeds *pro se*, has invoked the Court's jurisdiction under 28 U.S.C. § 2241. "A federal court has the power under the All Writs Act to issue injunctive orders in a case even before the court's jurisdiction has been established. When potential jurisdiction exists, a federal court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it." *J.A.V. v. Trump*, 780 F. Supp. 3d 705, 707 (S.D. Tex. 2025) (quoting *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n.19 (5th Cir. 1978)) (cleaned up). The Court **ORDERS** that the respondents are **ENJOINED** from transferring or removing the petitioner from the Southern District of Texas until these habeas proceedings are completed.

7. If an immigration judge grants the petitioner voluntary departure, the petitioner is **INSTRUCTED** to notify the Court immediately.

8. If the respondents become aware that the petitioner has been granted voluntary departure, they must file an appropriate motion promptly upon becoming aware that the pending habeas petition is moot.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on October 27, 2026.

George C. Hanks Jr.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE